UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENDAN JONATHAN MULLANE<br>    Defendant. | Criminal Case No. 1:25-cr-10201 |

## JOINT MOTION FOR DISCOVERY PROTECTIVE ORDER

The United States of America, by and through its attorney, Julie M. White, Assistant United States Attorney, and Defendant Brendan Jonathan Mullane, by and through his attorney, Keith Halpern, file this motion for entry of a Discovery Protective Order.

Defendant Brendan Jonathan Mullane was charged by federal Criminal Complaint on May 1, 2025, with cyberstalking offenses. Thereafter on May 27, 2025, the grand jury sitting in the District of Massachusetts returned an Indictment against the Defendant, charging him with four violations of 18 U.S.C. § 2261A(2)(B) (cyberstalking). The investigation of the Defendant involved the Defendant's alleged repeated use of the internet to send harassing communications to four victims, causing them substantial emotional distress over a period of months.

Protected discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include reports and email communications containing personal identifying information of VICTIM A,

1

VICTIM B, VICTIM C, and VICTIM D, as well as other witness(es). Protection of this information is in the best interests of the parties as well as the victims and witness(es).

The government requests that the Discovery Protective Order require that the Defendant may not disseminate protected investigative reports and materials to anyone other than counsel and members of the Defendant's litigation and investigative team. Materials covered by the Discovery Protective Order will be clearly labeled in the footer of the document as MULLANE-PROTECTED. As proposed in the Protective Order, defense counsel and the Defendant's litigation team may show and display these enumerated materials produced in discovery to the Defendant, but may not provide a copy of the materials to the Defendant or third parties to keep and maintain in their possession. Further, defense counsel and the Defendant's litigation team shall return materials produced in discovery to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal.

Any enumerated materials produced in discovery, or information contained therein, that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorney of record, any member of the defense team, or any attorney for the United States Attorney's Office for the District of Rhode Island, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

This Motion and the proposed Protective Order is submitted for the purpose of ensuring that law enforcement sensitive information contained in protected discovery materials are not disseminated to third parties. For these reasons, the United States requests this Court to authorize the proposed Discovery Protective Order.

Dated this 2nd day of June 2025.

Respectfully submitted,

SARA MIRON BLOOM

Acting United States Attorney

By:

_____

JULIE M. WHITE
Assistant United States Attorney

_____

KEITH HALPERN
Counsel for Defendant