UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **United States of America** | No. 25-CR-10201-MSM |
| v. | |
| **Brendan Jonathan Mullane** | |

### MOTION TO MODIFY CONDITIONS OF RELEASE RE INTERNET

Defendant Jonathan Mullane hereby moves to modify the conditions of release to allow internet access, email access and possession of internet-accessible devices. The government opposes the motion. Probation takes no position.

Current restrictions upon Mr. Mullane's access to the internet are provided at Additional Conditions of Release ¶ (7)(s). These conditions include no internet access unless authorized by Probation and no possession of an internet-accessible device. Mr. Mullane requests that all restrictions at ¶ (7)(s) be removed. He seeks permission to possess devices with internet access, including a phone and a computer. He seeks unrestricted access to the internet and to the use of email, aside from the restrictions imposed by Additional Conditions of Release ¶ (7)(g), barring any contact with a victim, a witness, and any other individual identified by the government. The government has provided a "no contact" list. Mr. Mullane does not object to Probation having random access to any internet-accessible device to monitor email recipients and assess compliance if sought by Probation and/or the government but questions the benefit of such monitoring.

18 U.S.C. § 3142 allows the Court to impose conditions of release that are designed to "reasonably assure" the appearance of the defendant and the "safety" of

any other person, requiring the "least restrictive" conditions available to accomplish these ends. 18 U.S.C. § 3142 (c)(B).

Mr. Mullane contends that the conditions imposed by ¶ (7)(s) are not needed to reasonably assure the safety of anyone. Mr. Mullane is not accused of jeopardizing anyone's safety. He is charged with causing substantial emotional distress. As disturbing as the emails may have been, no one was endangered. It is inappropriate to design conditions to protect against imagined threats that did not happen, with no evidence to suggest that anyone's safety is imperiled. Nonetheless, without venturing further into whether sparing someone from a distressing email can properly be characterized as a "safety" issue, and assuming that the Court may impose the least restrictive conditions available to reasonably assure that there are no distressing emails in the future, the current conditions are excessive.

Aside from email, Mr. Mullane's access to the internet is not reasonably related to any safety issue. The only internet-related misconduct in this case involves email. There is no allegation that he accessed a website for any illegal purpose. He did not view or download illegal content. He did not post anything problematic on social media. Preventing him from internet access is an overbroad restriction that does not focus on the emails.

Mr. Mullane graduated from Suffolk Law School in 2019. He passed the Massachusetts Bar exam in 2020, though he is not admitted to the Bar. He is uniquely qualified to participate in his own defense through legal research. Preventing Mr. Mullane from using Westlaw or conducting any other sort of research or investigation related to this case, cannot be justified as a condition that is

needed to protect someone or spare someone from disturbing email. There are many materials available on-line that are relevant to this case, including Mr. Mullane's litigation history, materials filed in those cases, and emails he sent and received. His having access to these materials to assist in his defense is not a safety issue and preventing access is not consistent with the Court's obligation to impose the "least restrictive" conditions needed.

Mr. Mullane is currently involved in civil litigation in the Southern District of Florida, representing himself *pro se*. 20-cv-21339-AKK; SCA 11, 21-13468. Preventing him from participating in ECF and doing on-line research or investigation related to this case bears no connection to any safety issue.

More generally, internet access is essential to an endless variety of tasks: dealing with your finances; paying bills; buying things; reading the news. Restricting day-to-day internet access is simply not a condition that is rationally related to shielding the alleged victims from improper emails, let alone their safety.

This leaves the sole internet-related conduct that is arguably a safety issue: email. The conditions of release forbid communication with any victim, witness, or anyone else identified by the government. That condition alone is sufficient to protect the safety of individuals from unwanted contact. Preventing possession of an internet-accessible device, preventing him from even using a cell phone, is not a "least restrictive" means to reasonably ensure their safety or freedom from email.

There is no allegation that Mr. Mullane sent problematic emails to strangers, or that he targeted individuals based on their fitting some profile beyond people who were involved in his litigation claims and proceedings. There is no reason to suspect

that someone not already identified as a recipient of a problematic email is at risk in the future. There is no evidence of his attempting to contact any of the alleged victims or anyone else since the start of this case in early May.

It is not difficult to send anonymous email using an anonymous provider or a temporary "burner" service. Nor is it hard to mask an IP address. If Mr. Mullane had wanted to send an alleged victim an email over the past three months, he could have done it. He didn't. And there is no reason to believe that he is going to do so in the future, whatever he did prior to release conditions being imposed.

Preventing email access is an overbroad restriction with significant detrimental consequences.

The restriction impairs and complicates Mr. Mullane's ability to communicate with counsel. The restriction forces counsel to use Mr. Mullane's father as an intermediary when communicating by email. This is problematic for attorney-client privilege. It impairs Mr. Mullane's ability to assist in his own defense. Mr. Mullane's father is an attorney. He has been very involved in dealing with his son's various legal battles. Forcing counsel to utilize him as an intermediary to communicate with the defendant unnecessarily complicates representation.

The least restrictive way to prevent Mr. Mullane from sending emails to alleged victims is not to bar possession of an internet-accessible device, to prevent access to the internet or forbid him from email communications altogether. The government has surely told the alleged victims to contact the government if they

receive a communication they suspect came from Mr. Mullane. They didn't have to be told. While Mr. Mullane has no objection to Probation looking at the names of the recipients of email communications, that isn't really an effective way to enforce the "no contact" provision, given the possibility of deleting communications or sending email anonymously. Limiting the number of internet-accessible devices does not make much sense. The rationale behind limiting the number of devices, suppose a phone and a computer, is that fewer devices would make it easier for Probation to check those devices. But since emails can be deleted or sent anonymously, looking at the list of email recipients is of limited importance. The far more significant test is whether someone complains, and there is no reason to believe that the government would not learn of any "no contact" violation immediately.

Mr. Mullane does not believe that receiving distressing email fits under the definition of a safety issue. Regardless, it does not pose a concern for physical safety. There is no basis to believe that the current restrictions are the reason that no victim has complained of receiving an email from Mr. Mullane. The only reason there has been no complaint of an email is because he has not attempted to send one, which he could readily do despite the restrictive conditions. If the government learns of such a violation in the future, they can be back before this Court in no time.

Mr. Mullane also believes that the current restrictions on his movements, home detention with limited exceptions, are unwarranted to reasonably assure anyone's safety or his appearance. However, he seeks to take this step by step. If the Court removes restrictions on internet use, he intends to demonstrate that these

restrictions were not necessary to assure his compliance with ¶ (7)(g), barring any contact with a victim, a witness, and any other individual identified by the government. After establishing this compliance, Mr. Mullane will ask the Court to reconsider the restrictions on his movement.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court eliminate Additional Conditions of Release ¶ (7)(s).

JONATHAN MULLANE
By his Attorney,

/s/ *Keith Halpern*
Keith Halpern, BBO # 545282
572 Washington Street, Suite 19
Wellesley, MA 02482

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 30, 2025.

/s/ *Keith Halpern*