UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**United States of America**
v.
**Brendan Jonathan Mullane**

No. 25-CR-10201-MSM

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Jonathan Mullane hereby moves to modify the conditions of release.

The bulk of Mr. Mullane's current release conditions were last established in an Amended Order dated August 7, 2025. ECF # 48.

The conditions include GPS monitoring and home detention, allowing him to leave his home for up to two hours per day for exercise. ECF # 31, 32. The geographic area he is allowed to take walks at is limited to the Fresh Pond walking path in Cambridge. He's been so limited since June 4, 2025. Before that, from May 6, 2025, he was on strict home detention, allowed to leave only for legal and medical reasons.

The conditions also include a bar to his use of the internet, with the only exclusion being Zoom and email communications with counsel, his staff and retained experts. ECF # 64, 74. He is forbidden from possessing any device capable of connecting to the internet.

Since these restrictions began, almost 16 months ago, there has not been a single violation of any condition.

While efforts to agree upon appropriate conditions of Pretrial Diversion were not successful, the conditions sought by the government and Probation did not include GPS monitoring, or home detention, or any curfew, or any restriction on internet access, or any limitation on the electronic devices he could possess.

Mr. Mullane suffers from an anxiety disorder that is associated with severe headaches. Medications have not provided relief. He is interested in participating in an experimental program involving ultrasound pulsation. *See*
https://clinicaltrials.gov/study/NCT04557891?locStr=Boston,%20MA&country=US&state=Massachusetts&city=Boston&cond=Anxiety&aggFilters=status:not%20rec&viewType=Card&r

ank=3.
To be considered for the program, he'd need to go undergo MRIs. If admitted, he'd receive ultrasound. Probation has been reluctant to remove his electronic bracelet to allow his participation.

At this point, it seems likely that this case will proceed to trial if it is not dismissed. It may be active for another year or more, depending upon the time involved in addressing several motions to dismiss.

The current conditions make it virtually impossible for Mr. Mullane to look for employment.

There is no legitimate rationale for Mr. Mullane to be on GPS monitoring. Of the four victims, only one lives in Massachusetts, and there is no allegation that he ever made any attempt to see her or any other victim. At most, the Court should simply order that Mr. Mullane not go near her residence.

Nor is there any legitimate rationale for restricting internet access. There is no reason to believe that he is going to send an email to a victim, when he has made no attempt to do so for 16 months. It hardly seems likely that he is going to risk incarceration over it. Moreover, there is a disconnect between the wholesale bar on internet access and email. There is no allegation that Mullane ever did anything problematic involving the internet other than sending emails. The restriction on all internet use would be overbroad, even if there was some reason to think that he was a serious risk to send an email to a victim. But there is no such reason.

The internet plays an essential role in today's world, including control over finances, reading the news, seeking employment – it seems silly to bother listing more things given how

essential the internet is to our daily functioning.

Nor does it seem necessary to list the harms, physical and psychological, that stem from keeping someone a captive in their home for 22 hours a day.

Mr. Mullane has proven that the current release conditions are not needed.

JONATHAN MULLANE
By his Attorney,

/s/ *Keith Halpern*
Keith Halpern, BBO # 545282 572
Washington Street, Suite 19
Wellesley, MA 02482

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 28, 2026.

/s/ *Keith Halpern*