IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:25-cr-10201-MSM

BRENDAN JONATHAN MULLANE

RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States respectfully opposes Defendant Jonathan Mullane's motion to terminate GPS monitoring. Defendant has not shown that a change in circumstances warrants removing this condition, and GPS monitoring remains necessary to ensure public safety—particularly the safety of Victim A—and to support effective supervision by Pretrial Services.

A. The Court's Statement Regarding Revisiting GPS Does Not Alter the United States' Continuing Objection

At the September 15, 2026, hearing, Magistrate Judge Sullivan expressed her intention to revisit the question of GPS monitoring after approximately thirty days of continued compliance. The United States does not dispute the Court's statements. However, the United States objected at the hearing to removing GPS monitoring and continues to object now.

The Court's prior comments did not predetermine the outcome, nor did they eliminate the Court's ongoing obligation to assess release conditions under the Bail Reform Act. The relevant question before the Court is whether eliminating GPS monitoring at this stage satisfies the statutory requirements of ensuring community safety and reasonable supervision. It does not.

B. Defendant's Compliance, While Expected, Does Not Justify Eliminating an Existing and Effective Condition

Compliance with release conditions is expected, not exceptional. Defendant's compliance does not justify removing GPS monitoring, particularly in a case involving alleged targeted conduct toward federal judges. GPS monitoring ensures that Pretrial Services can verify Defendant's movements and enforce the restriction barring him from entering the exclusion zone. It remains a minimally intrusive and effective supervisory tool.

Defendant's comparisons to release conditions in unrelated cases provide no meaningful guidance. Bail determinations are individualized assessments based on the specific facts, risk profile, and conduct at issue. Nothing in the cited cases undermines the basis for GPS monitoring here.

C. GPS Monitoring Remains Necessary and Proportionate, Particularly in Light of the Documented Rise in Threats Against Judges

Recent, credible reporting demonstrates hundreds of documented threats against federal judges each year. According to the U.S. Marshals Service, FY 2026 recorded 448 threats to federal judges, involving 341 unique judges, continuing an troubling trend in threat activity.[1] In the first two weeks of this month alone, the U.S. Marshals Service has recorded 20 threats to federal judges.[2] 2026 Brennan Center report similarly notes that "security incidents of significant concern," as tracked by the U.S. Marshals Service, increased by 57% in FY 2025 and were

---

[1] U.S. Marshals Service, *Protective Investigations – Threat Statistics* (FY 2027 data through Oct. 15, 2026), documenting 472 threats and 341 unique judges threatened. Source: https://prod.usmarshals.gov/what-we-do/judicial-security/protective-investigations-threat-statistics.

[2] *Id*.

projected to rise again in FY 2026.[3] Interviewed judges also reported threats, doxxing, harassment, and other forms of intimidation.[4]

This trend underscores the continued necessity of GPS monitoring in cases involving allegations of threats or targeted conduct toward members of the judiciary. Removing GPS monitoring now would be inconsistent with the risk environment faced by judicial officers nationwide.

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion to terminate GPS monitoring.

Respectfully submitted,

TODD BLANCHE
Attorney General

CHARLES C. CALENDA
First Assistant U.S. Attorney

By:
Julie M. White
JULIE M. WHITE
Assistant United States Attorney

<u>Certificate of Service</u>

On this 22nd day of October, 2026, undersigned counsel caused the above-captioned response to be filed in the ECF system, and a courtesy copy was provided to counsel via e-mail.

Julie M. White
JULIE M. WHITE

---

[3] Brennan Center for Justice, *Protecting Judges from Rising Threats* (Aug. 31, 2026), noting a 57% increase in "security incidents of significant concern" in FY 2025 and continued escalation into FY 2026; report includes interviews describing severe threats, doxxing, harassment, and security impacts on judges and their families. Available for download in PDF format at: https://www.brennancenter.org/our-work/research-reports/protecting-judges-rising-threats.

[4] *Id*. at 5.