**From:** **Keith Halpern** ksh@keithhalpern.com
**Subject:** Fwd: Pretrial Diversion
**Date:** November 21, 2026 at 10:54 AM
**To:** Keith Halpern ksh@keithhalpern.com

Begin forwarded message:

**From:** Jonathan Mullane <jonathanmullane46@gmail.com>
**Subject:** **Pretrial Diversion**
**Date:** November 19, 2026 at 3:34:41 PM EST
**To:** Julie.White@usdoj.gov
**Cc:** Keith Halpern <ksh@keithhalpern.com>

Julie,

I hope all is well. As I'm sure Keith has informed you, I am currently ill. The cold I have is unfortunately triggering my asthma, and I haven't been able to breathe properly for the past few days. I was in the hospital yesterday. Before entering into any sort of legal agreement - not just this one - I always try to ensure that I am thinking clearly. I would imagine that you would give your own son or daughter the same advice prior to entering into any binding contract, let alone a plea deal. Accordingly, if acceptable to the Government, I will sign and email a copy of the proposed agreement in PDF format tomorrow afternoon when I'm feeling better. If there is some sort of pressing deadline-related issue, please know that I assent to any enlargement of time you may need. I sincerely apologize for any inconvenience this may cause.

Separately, thank you so much for working with Keith on the proposed pretrial diversion; I sincerely appreciate your collective efforts. You and Keith have obviously put a great deal of time and effort into it. That being said, I did want to clarify several minor misunderstandings.

1. As mentioned to Keith in my November 16, 2026, memorandum, on p. 2 ¶ 2 of the draft agreement, the Government proposes: "Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for the agreed upon Statement of Facts, in connection with any prosecution for the above-described offense." As I explained to Keith several days ago, I wish to have the following language in its place: "Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you in any proceeding if the Pretrial Diversion Program is successfully completed." I believe that this request is objectively reasonable, particularly given that it does not prejudice the Government or the victims in any way.

2. With respect to the statement of facts, I assent to admitting to having transmitted the six allegedly-actionable emails set forth in the superseding indictment. That is not a problem, and I have consistently admitted to having sent them from Day One. However, as discussed with Keith via telephone yesterday, I do not assent to the other emails being referenced in the document. Other than painting a negative picture, there is no basis in law for including them since they constitute protected First Amendment speech under, without limitation, *United States v. Sryniawski*, 48 F.4th 583 (8th Cir. 2022). Harassment and emotional harm are not actionable as a matter of law. By your own admission of record in open court, the Government only asserts that the six specific emails identified in the superseding indictment constitute alleged true threats. Accordingly, there is no legal basis for punishing a private citizen for having exercised his First Amendment right to transmit - as the Government openly concedes - *non*-true threats. I do not feel comfortable with that. While they are certainly delusional and vulgar, there is nothing remotely criminal about them. Perhaps more importantly, the non-true-threat emails are surplusage; they are irrelevant to what I am accused of having done in the superseding indictment. There is no legal justification for their inclusion and, as I explained to Keith yesterday, I cannot stipulate to it.

3. Although this does not need to be set forth in the agreement, I was hoping to have clarification as to whether my iPhone and laptop will be returned to me. A simple email will suffice.

4. Finally, as explained to Keith in my November 16, 2026 memorandum, I wish to know whether the FBI is willing to assist my father and me in restoring access to my cloud account. As you may recall, the FBI agent in possession of my iPhone changed the password and assigned a different telephone number to the cloud account (*i.e.*, not mine). As a result, there is no practical way for me to retrieve my data. Again, a simple email confirming that they are willing to work with us (*e.g.*, speaking with us over the telephone) will suffice.

Many thanks in advance for your consideration and understanding. Once again, thank you for all of your collaboration with Keith on this.

Kind regards,
Jonathan